ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| ISLAND PORTFOLIO SERVICES, LLC., COMO AGENTE DE ACE ONE FUNDING, LLC<br><br>Apelante<br><br>V.<br><br>LUDYMAR BERRÍOS NEGRÓN<br><br>Apelada | KLAN202400244 | Apelación procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Caso Número: CD2023CV00212<br><br>Sobre: COBRO DE DINERO (Regla 60) |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm

*Prats Palerm, Jueza Ponente*

**SENTENCIA**

En San Juan, Puerto Rico a 28 de mayo de 2024.

Comparece Island Portfolio Services, LLC., como agente de Ace One Funding, LLC. ("Island Portfolio", o "Apelante") mediante recurso de *Apelación* y solicita la revisión de la *Sentencia* emitida el 6 de febrero de 2024 y notificada el 7 del mismo mes y año por el Tribunal de Primera Instancia, Sala de Caguas ("TPI"). Mediante el referido dictamen, el TPI desestimó sin perjuicio la demanda en cobro de dinero instada por el apelante en contra de Ludymar Berríos Negrón ("señora Berríos Negrón" o "Apelada"), por falta de jurisdicción.

Por los fundamentos que expondremos, se *Revoca* la *Sentencia* apelada y ordenamos la continuación de los procedimientos.

**I.**

El 20 de julio de 2023, Island Portfolio presentó una *Demanda* en cobro de dinero en contra de la señora Berríos Negrón, al amparo del procedimiento sumario dispuesto en la Regla 60 de Procedimiento Civil, 32 LPRA Ap. V.

El 21 de septiembre de 2023, la parte demandante presentó una *Moción Sometiendo Documentos* en la cual acreditó haber enviado copia de la notificación-citación a la siguiente dirección: P.O. Box 1267, Cidra, PR, 00739. De los documentos adjuntados a la moción, surge que la citación no fue reclamada por la parte demandada.

Así, pues, el 3 de octubre de 2023, Island Portfolio solicitó autorización para diligenciar personalmente la notificación-citación. Expuso que, tras una búsqueda en su base de datos, encontró otra dirección correspondiente a la apelada. El TPI autorizó el diligenciamiento personal mediante *Orden* el 6 de octubre de 2023.

Island Portfolio presentó una *Moción Acreditando Emplazamiento Personal* el 17 de octubre de 2023. En esta, adujo que, el 14 de octubre de 2023, la señora Berríos Negrón había sido debidamente emplazada.

El 6 de febrero de 2024, se celebró la vista en sus méritos, a la cual únicamente compareció Island Portfolio. Según surge de la minuta, el TPI hizo constar que, la agencia de cobro incumplió con el envío de la carta de cobro.

El TPI emitió su *Sentencia* el 6 de febrero de 2024, notificada el 7 de febrero de 2024. En síntesis, el foro apelado determinó que el requisito de interpelación dispuesto en la Ley 143-1968 requería acreditar la notificación y recibo de la carta de cobro. Por tanto, se declaró sin jurisdicción sobre la persona demandada y desestimó la causa de acción sin perjuicio.

El 12 de febrero de 2024, Island Portfolio presentó una *Moción de Reconsideración*. En ella, sostuvo que el Artículo 17 (13) de la Ley 143-1968, solo requiere el envío de la carta de cobro mediante correo certificado con acuse de recibo a la última dirección conocida y, no así, el recibo de esta por el deudor. Además, adujo que había cumplido con el precipitado requisito. De igual manera, arguyó que la demandada no reclamó la correspondencia que contenía la carta de cobro y, por ende, no existe un acuse de recibo para presentarle al Tribunal. Sin embargo, el 12 de febrero de 2024, el TPI dictó una *Orden* mediante la cual declaró No Ha Lugar la solicitud de reconsideración.

Inconforme, el 12 de marzo de 2024, Island Portfolio acudió ante esta Curia mediate recurso de *Apelación* y solicitó la revisión de la *Sentencia* dictada el 6 de febrero de 2024 y notificada el 7 del mismo mes y año. El apelante realizó el siguiente señalamiento de error:

> **Incidió el Honorable Tribunal de Primera Instancia al desestimar el caso debido a que el aviso de cobro -cursado a la última dirección conocida de la demandada-apelada- fue marcado como "*Refused*", cuando la Ley de Agencias de Cobro y su Reglamento, así como las determinaciones del Foro Apelativo han determinado que una agencia de cobro debe cursar a la última dirección conocida de**

**un deudor una carta de interpelación, sin que sea requisito *sine qua non* que éste la reciba.**

El 14 de marzo de 2024 dictaminamos una *Resolución* y le concedimos a la parte apelada un término para presentar su alegato en oposición, conforme dispone la Regla 22 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 22.

Vencido el término concedido, atendemos el presente recurso sin el beneficio de su comparecencia.

**II.**

**-A-**

La Regla 60 de Procedimiento Civil regula el procedimiento sumario de la acción de cobro de dinero para cantidades que no excedan los quince mil dólares ($15,000.00), excluyendo intereses. 32 LPRA Ap. V, R. 60. Su propósito es "agilizar y simplificar los procedimientos en acciones de reclamaciones de cuantías pequeñas, para así lograr la facilitación del acceso a los tribunales y una justicia más rápida, justa y económica en este tipo de reclamación". *Asoc. Res. Colinas Metro. v. S.L.G.,* 156 DPR 88, 97 (2002).

Según dispuesto en la referida Regla 60, *supra,* en lugar del emplazamiento formal, en este tipo de procesos se notificará mediante una citación que indique la fecha señalada para la vista en su fondo, con la advertencia de que en dicho proceso la parte demandada "deberá exponer su posición respecto a la reclamación, y que si no comparece podrá dictarse sentencia en rebeldía en su contra". *Íd.* Conforme surge, para incoar un pleito de cobro de dinero al amparo del procedimiento sumario que dispone la Regla 60, *supra,* "la parte demandante debe conocer y proveer el nombre y la última dirección conocida de la parte demandada al momento de la presentación de la acción judicial. De lo contrario, el pleito se tramitará bajo el procedimiento ordinario".

Cónsono con lo anterior, el Artículo 17 de la Ley Núm. 143 de 27 de junio de 1968, según enmendada, conocida como *Ley de Agencias de Cobro*, 10 LPRA sec. *et seq.*, prohíbe a toda agencia de cobro de:

> Radicar acción judicial en cobro de dinero sin antes haber requerido por escrito al deudor para que pague lo adeudado por correo certificado con acuse de recibo. Ningún Tribunal podrá asumir jurisdicción en una acción de cobro de dinero tramitada por una agencia de cobro sin que se alegue y se pruebe el cumplimiento de este requisito. 10 LPRA sec. 981p.

Por otra parte, el precipitado estatuto establece que deberá ser interpretado de manera compatible con el *Fair Debt Collection Practices Act*, 15 USC 1692 *et seq.* 10 LPRA sec. 981p-1. Atinente a la controversia ante nosotros, la Sección 1692g (a) del *Fair Debt Collection Practices Act*, 15 USC sec. 1692g (a) especifica el contenido de la carta de cobro que debe enviar la agencia al deudor, previo a la presentación de una acción judicial. Sobre el envío, *Mahon v. Credit Bureau of Placer County, Inc.*, 171 F.3d 1197, 1201 (1999), estableció que el *Fair Debt Collection Practices Act* "**requires only that notice be 'sent' by a debt collector, and debt collector need not also establish actual receipt by the debtor**". (Énfasis suplido). De igual manera, *Antoine v. J.P. Morgan Chase Bank*, D.D.C. 2010, 757 F. Supp.2d 19, resolvió que el "[d]ebt collector complied with disclosure requirements of Fair Debt Collection Practices Act (FDCPA) in mailing compliant notice to debtor; despite debtor's contention that he did not receive notice, under FDCPA, **it was irrelevant whether debtor actually received the notice**". (Énfasis suplido).

### III.

En el caso de marras, debemos determinar si incidió el foro primario al declararse sin jurisdicción y desestimar sin perjuicio la causa de acción. El apelante arguye que, el Artículo 17 de la Ley 149-1968, *supra*, únicamente exige que la carta de cobro sea

enviada por correo certificado con acuse de recibo a la última dirección conocida del deudor, no así que haya sido recibida por este.

Según discutimos, el precipitado artículo requiere que, previo al incoar la demanda en cobro de dinero, la agencia de cobro debe haberle requerido por escrito al deudor el pago de lo adeudado. Así las cosas, la jurisprudencia federal que ha interpretado la Sección 1692(g) del *Fair Debt Collection Practices Act* ha resuelto que la agencia de cobro solo tiene que acreditar el envío de la comunicación a la última dirección conocida del deudor, no que la haya recibido.

Conforme surge del expediente ante nuestra consideración, el apelante adjuntó a la demanda copia de la carta de cobro enviada a la señora Berríos Negrón a su última dirección conocida, P.O. Box 1267, Cidra, PR, 00739. Aun cuando no nos consta el recibo de la misma por la deudora, a tenor con el derecho aplicable, Island Finance cumplió con los requisitos exigidos para que el TPI adquiriera jurisdicción. Resulta forzoso concluir que el foro primario erró al desestimar la causa de acción por falta de jurisdicción.

**IV.**

Por los fundamentos antes expuestos, se *Revoca* la *Sentencia* apelada. Se devuelve el caso al TPI para la continuación de los procedimientos, a tenor con lo aquí dispuesto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones